[No. 9078.]

Phoenix Insurance Company v. Rhinehart et al.

Intervention—*Where Allowed.* Action against a railway company for damage to the properties of plaintiff by fire set out by a locomotive. Judgment for plaintiff in $3400 had been directed by this court (Rhinehart v. Denver Rio Grande Co., 61 Colo. 369). Certain insurance companies had paid plaintiffs $2500, insurance upon the same properties, and now filed petitions in intervention, claiming judgment for this amount. Their petitions being stricken off, they brought error.

Supersedeas denied and judgment affirmed. Opinion by Hill, J.

*Error to Mesa District Court.* Hon. Thomas J. Black, Judge.

Mr. Sylvester G. Williams, for plaintiffs in error.

Messrs. McMullin & Sternberg, for defendants in error.

Mr. Justice Hill delivered the opinion of the court.

The defendants in error brought an action to recover from The Denver and Rio Grande Railroad Company damages for the destruction of their goods, caused by fire alleged to have been set by an engine of the railroad company. Their complaint alleged, that certain insurance companies (who are now the plaintiffs in error) claimed interest in the subject-matter of the action, by reason of certain moneys paid under their contracts of insurance upon account of this loss by virtue of alleged rights of subrogation, and assignments claimed to have accrued under said policies; that plaintiffs were not advised as to the validity of such claims, and in order that the rights of all be determined, the insurance companies were made defendants under the plaintiffs' prayer that they be required to answer and disclaim or assert whatever interest they claimed to have, etc. The insurance companies filed answers and cross-complaints against the railroad company in which they alleged that they had written policies upon this property aggregating $2,500.00, and that they each paid to the owner the full amount of their respective policies. They set forth the provisions of their contracts of insurance providing for the assignment of the cause of action, etc.; each prayed that it be decreed to have an interest to the extent of the insurance paid to the amount of recovery as the plaintiff may be entitled to receive from the railroad company, and to the judgment, if any; they also asked judgments against the railroad company for the amount paid.

The jury fixed the total loss at $3,400.00. It was admitted that plaintiffs had received $2,500.00 from the insurance companies. Judgment was entered in favor of plaintiffs against the railroad for $900.00, the balance of the loss, and the action dismissed as to the insurance companies. Writs of error were prosecuted from the judgments by both the owners and the insur-

ance companies, the owners claiming that they were entitled to a judgment against the railroad company for the total loss, regardless of the insurance; the insurance companies claimed that the judgment should have been in their favor for the amount of the insurance paid. The judgment against the railroad company was reversed and the cause remanded with directions to enter judgment against it in favor of the owners in the sum of $3,400.00, the total loss with costs. See *Rhinehart et al. v. Denver & Rio Grande R. Co.*, 61 Colo. 360, 158 Pac. 149.

The trial court caused to be entered judgment in harmony with our mandate. Upon the same day the insurance companies filed in the action what they termed a supplemental cross-complaint and petition in intervention, and without notice to the defendants in error. secured a restraining order prohibiting the collection of the judgment. Thereafter, upon motion of the defendants in error, the restraining order was dissolved, and the supplemental cross-complaint and petition in intervention stricken; from which orders the insurance companies prosecute this writ of error and make application for supersedeas.

The defendants in error claim: First, that the sustaining of this motion was not a final judgment to which a writ of error would lie. Second, that it would have been in violation of the former mandate of this court for the trial court to have acted upon the petition. And third, that if the trial court had jurisdiction, the motion was properly sustained. We will not pass upon the first of these contentions. The petition discloses that the insurance companies had theretofore been parties to the action; they asked that their former answer and cross-complaints be made a part of their last petition; they allege that they have an interest in the subject-matter of this action, and in the judgment entered herein to the

extent of $2,500.00 and interest, by virtue of the insurance policies referred to in the original suit, etc. The prayer is that it be adjudged that the insurance companies have interests in the judgment rendered in said cause to the amount of their respective policies; that the plaintiffs be estopped to deny they have this interest and be held to be trustees for the insurance companies; that the moneys be paid into court to be distributed in harmony with their contention, etc.

It will be observed that the object of the petition was to secure for the insurance companies $2,500.00 of the moneys and interest which this court heretofore held should be paid by the railroad company to the owners of the property, and which, by sustaining the validity of our statute, we held that the insurance companies had no interest in. Counsel say that this proceeding is brought to determine the question of double recovery between the insurance companies and the owner; that this question was not settled in the former action. This latter fact is true, and we thus said, but we also sustained the validity of our insurance act prohibiting subrogation or assignment of the cause of action to an insurance company holding a policy upon the property, and held that the owners could recover the whole loss from the railroad company, and that the latter could not avail itself of the insurance carried by the owner. The action was dismissed as to the insurance companies where they were seeking to secure a judgment against the railroad company, or a judgment against the owner for this money, or both, and a lien upon any judgment in favor of the owners against the railroad company. This ruling was not disturbed. Referring to it, the former opinion states:

"The insurance companies' pleadings disclose that they do not seek to recover anything from the owners,

except that which they are to get from the railroad company. As the statute prohibits them from having any interest therein, their answers and cross-complaints fail to state a cause of action against either the owner or the railroad company, for which reason, they having declined to amend, the action was properly dismissed as to them.''

When this question is eliminated (which it was by the former opinion), the only excuse left for their petition of intervention is their claim that they have paid to the owners $2,500.00 upon insurance policies, which they did not owe, for which reason the owners owe them this amount with interest and should pay it back. As said in the other case, in substance, whether they do or do not is not proper to be determined in this action. These claims, so far as this case is concerned, are just the same as though they claimed the owners were owing them any other debt. It is not a ground for intervention in a suit of this kind, and especially so where, by statute, they are prohibited from having any interest in the cause of action. If they have claims against the owners for moneys had and received, or otherwise, their remedy is the same as any other creditor. If the owners are non-residents, as they allege, our statutes have provided methods of reaching property which they have in the state. If insolvent, as they also claim, laws are provided to reach such cases, but none of these facts justify a petition of intervention for the purpose of obtaining a lien upon a judgment, or the claim upon which it is awarded, which our statute prohibits them from having any interest in by reason of their having written policies of insurance upon the property burned.

The application for supersedeas will be denied and the judgment affirmed.

*Supersedeas denied; judgment affirmed.*

Decision *en banc.*

Chief Justice White dissents.

Decided February 5, A. D. 1917.    Rehearing denied
April 2, A. D. 1917.